REQUESTED BY: W. Bert Lammli, Stanton County Attorney
Is it a violation of law to intercept cordless telephone conversation via police scanner?
No.
It is alleged that police officers are using police radio scanners to intercept cordless telephone transmissions. The question thereby arises whether or not it is illegal under the Nebraska wiretap statute, Neb. Rev. Stat. 86-701 et seq. (1990 Supp.), to do so.
The question is answered in the negative. To reach this conclusion, one must look to the definition of what constitutes a protected communication that is subject to the provisions of the wiretap statute. This is found at Neb. Rev. Stat. 86-701(18) (1990 Supp.), wherein wire communications are defined. Specifically excluded from that definition is the "radio portion of a cordless telephone communication that is transmitted between the cordless telephone handset and the base unit." Since this is what is apparently being intercepted, it is by statute, not unlawful to do so.
An understanding of how a cordless telephone works is perhaps useful to illustrate the situation. There are two parts to a cordless telephone — the cordless handset that is the portable unit that can be carried around, and the base unit that is stationary and is connected to the telephone lines via a regular telephone jack. The handset is used to make or receive a telephone call, as it contains a small radio transmitting device which sends the signals resulting from the call to the base unit, which then transmits the signals over regular telephone lines like any other telephone call.
The reason the radio portion of the transmission is not included is for the very reason that these signals are radio transmissions and are subject to interference and interception by their very nature. Consequently, there is a much lesser expectation of privacy in them than in a telephone call that goes straight out over the telephone lines wherein there could be no interception without breaking into the line. Further, each cordless telephone comes with a warning that there can be radio interference with the unit, and that if it becomes too severe the Federal Communications Commission can remove the unit from operation, or restrict the use of the unit. It is therefore apparent that the units are radio operated, in part, and are subject to interception and interference, whether intentional or accidental.
Sincerely,
DON STENBERG Attorney General
Kimberly A. Klein Assistant Attorney General
APPROVED BY:
___________________________ Don Stenberg Attorney General